PRADO, Circuit Judge,
joined by DENNIS and GRAVES, Circuit Judges,
dissenting from Denial of Rehearing En Banc.
Plaintiffs allege that U.S. border patrol agents violated the Fourth Amendment by stopping them solely because of their Hispanic appearance. The respective district courts denied the border patrol agents’ motions to dismiss, holding in part that Plaintiffs could assert a claim for damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). On appeal, the panel reversed, asserting that undocumented immigrants[1] may not, as a matter of law, assert Bivens *1201 claims against border patrol agents for illegally stopping and arresting them. De La Paz v. Coy, 786 F.3d 367, 369 (5th Cir.2015). Because I believe that the issue raised in this case is an important one, and I disagree with the panel’s reading of the relevant case law, I dissent from this Court’s denial of rehearing en banc.
As the panel’s opinion points out, the first step in assessing whether a Bivens remedy is available is to determine whether allowing a Bivens action to proceed would extend Bivens to a “new context.” Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001)). Where the legal and factual components of a case fall within the “core holding of Bivens,” Malesko, 534 U.S. at 67, 122 S.Ct. 515, the context is not “new” and a Bivens action may proceed. Turkmen v. Hasty, 789 F.3d 218, 234 (2d Cir.2015); Malesko, 534 U.S. at 67, 122 S.Ct. 515.
The claims asserted by Plaintiffs here are squarely within the holding of Bivens. In Bivens, the Supreme Court permitted a suit for damages by a plaintiff who alleged that federal law enforcement officers violated the Fourth Amendment when they entered his residence, searched through his belongings, and detained him. Bivens, 403 U.S. at 389-90, 91 S.Ct. 1999. Without qualification, the Supreme Court stated that “damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials” and that, “[hjistorically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty.” Id. at 395, 91 S.Ct. 1999. The claims at issue here — which stem from routine stops, searches, and arrests by federal law enforcement officers — fit well within this holding.
In an effort to distinguish the case at hand from Bivens, the panel’s opinion errs by defining the “context” too narrowly. Namely, the opinion makes much of the fact that Plaintiffs are undocumented immigrants rather than U.S. citizens or legal residents and that they were stopped by border patrol agents rather than some other law enforcement agency. I believe these distinctions are not only erroneous, but are at odds with existing case law from this Court[2] and others.[3]
*1202 Nor do the Second Circuit’s decision in Arar v. Ashcroft, 585 F.3d 559 (2d Cir.2009) (en banc), or the Ninth Circuit’s decision in Mirmehdi v. United States, 689 F.3d 975 (9th Cir.2012), support the panel’s conclusion as the material facts in those cases are much different than the ones at issue here and in Bivens. In Mirmehdi, the plaintiffs’ Bivens claims did not arise from a routine stop; rather, they were based on the allegation that federal agents had knowingly lied to the immigration judge about the plaintiffs’ involvement in a terrorist organization in order to convince the judge to withhold bond. Mirmehdi, 689 F.3d at 979-80. The Second Circuit’s decision in Arar is even further afield from the case at hand. In Arar, the court addressed only the availability of a Bivens remedy arising from the plaintiffs “extraordinary rendition” — i.e., “[t]he transfer, without formal charges, trial, or court approval, of a person suspected of being a terrorist or supporter of a terrorist group to a foreign nation for imprisonment and interrogation on behalf of the transferring nation.” Arar, 585 F.3d at 563-64, 564 n. 1 (quoting Black’s Law Dictionary 1410 (9th ed.2009)). This understanding is supported by the Second Circuit’s recent decision in Turkmen v. Hasty, in which the court stated that its Bivens-related holding in Arar was limited to “the acts of federal officials in carrying out Arar’s extraordinary rendition[.]” 789 F.3d at 234. The fact that the courts in Arar and Mirmehdi held that these were new contexts for the purposes of allowing a Bivens claim is not surprising given their particular facts. Nor is it relevant to the case presently before this Court as neither Arar nor Mir-mehdi involved the type of routine domestic searches, seizures, and arrests by federal law enforcement officers at issue in this case and Bivens.
Finally, the panel’s opinion unnecessarily puts us in conflict with another Circuit. In Turkmen, the Second Circuit allowed a group of undocumented immigrants to bring Bivens claims against federal officials, stating that “a Bivens remedy is available for Plaintiffs’ ... Fourth Amendment unreasonable and punitive [ ] search[ ] claims.” 789 F.3d at 237. The court reasoned that “the Fourth Amendment is at the core of the Bivens jurisprudence, as Bivens itself concerned a Fourth Amendment claim ... for the defendants’ use of unreasonable force without probable cause, resulting in the plaintiffs unlawful arrest.” Id. The panel’s opinion in our case, however, reaches the opposite conclusion — holding that a Bivens remedy is unavailable to undocumented immigrants challenging stops and arrests in violation of the Fourth Amendment.
Because I disagree with the panel’s analysis and believe that the decision to take the extraordinary step of denying Bivens remedies for routine traffic stops and arrests to an entire class of people warrants review by the entire court, I respectfully dissent from the denial of rehearing en banc.

. The panel’s opinion refers to foreign nationals present in the United States without lawful immigration status as “illegal aliens”; I choose to refer to these individuals as "undocumented immigrants” instead.

. See Martinez-Aguero v. Gonzalez, 459 F.3d 618, 620-21, 625 (5th Cir.2006) (holding that a Mexican national who alleged that she had been illegally arrested and beaten by a border patrol agent “may bring a Bivens claim for unlawful arrest and the excessive use of force under the Fourth Amendment”). The panel’s justification for ignoring Fifth Circuit law— that the Bivens issue was not directly raised before this Court in Martinez-Aguero — is unpersuasive. As this Court has stated, “[wjhen confronting decisions of prior panels ... we are bound by 'not only the result but also those portions of the opinion necessary to that result....’” Gochicoa v. Johnson, 238 F.3d 278, 286 n. 11 (5th Cir.2000) (quoting Seminole Tribe v. Florida, 517 U.S. 44, 67, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)). Because we affirmed the denial of qualified immunity in Martinez-Aguero and allowed the case to proceed to trial, the availability of a Bivens remedy was necessary to the decision and is binding Fifth Circuit law.

. See, e.g., Escobar v. Gaines, No. 3-11-0994, 2014 WL 4384389, at *4 (M.D.Tenn. Sept. 4, 2014) (“The Court does not have to 'imply' a damages remedy [for undocumented immigrants challenging a raid by immigration officials] — one already exists under Bivens for damages against federal officers who violate a person’s Fourth Amendment rights.”); Morales v. Chadbourne, 996 F.Supp.2d 19, 30-34 (D.R.I.2014) (same); Vazquez-Mentado v. Buitron, 995 F.Supp.2d 93, 97-102 (N.D.N.Y.2014) (recognizing aliens’ Bivens claim for damages under the Fourth Amendment against the Chief Border Patrol Agent arising from the U.S. Border Patrol, Buffalo Sector's, policy "which reward[ed] USBP Buffalo Sec *1202 tor agents with cash, vacation time, and gift cards for high arrest numbers but not for the legality of arrests”); Diaz-Bernal v. Myers, 758 F.Supp.2d 106, 111, 128-29 (D.Conn.2010) (recognizing a Bivens remedy for undocumented immigrants who were subjects of a raid by federal immigration officials, reasoning that "[i]f a Bivens remedy were precluded, the present plaintiffs would have no forum in which to seek a remedy for the defendants’ alleged constitutional violations”).